IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 19-140 |
| ROBERT COLEMAN | [UNDER SEAL] |

FILED
MAY 14 2019
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

### INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Timothy M. Lanni, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a one-count indictment against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Possession with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance and 10 grams or more of a mixture and substance containing a detectable amount of acetyl fentanyl, a fentanyl analogue, a Schedule I controlled substance.<br><br>October 27, 2017 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi) |

## II. ELEMENTS OF THE OFFENSE

A.  **As to Count 1:**

In order for the crime of possession with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance and 10 grams or more of acetyl fentanyl, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That on or about the date set forth, the defendant possessed with intent to distribute the controlled substance charged in the Indictment.

> United States v. Lartey, 716 F.2d 955, 967 (2d Cir. 1983); United States v. Wright, 593 F.2d 105, 107-108 (9th Cir. 1979); United States v. Tighe, 551 F.2d 18, 21 (3d Cir.), cert. denied, 434 U.S. 823 (1977).

2. That the defendant did so knowingly and intentionally.

> United States v. Jewell, 532 F.2d 697, 699-700 (9th Cir.), cert. denied, 426 U.S. 951 (1976); United States v. Kairouz, 751 F.2d 467, 469 (1st Cir. 1985).

3. That fentanyl is a Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule II(b)(6).

4. That the mixture or substance containing a detectable amount of fentanyl was 40 grams or more. 21 U.S.C. 841(b)(1)(B)(vi).

5. That the mixture or substance containing a detectable amount of acetyl fentanyl was 10 grams or more. 21 U.S.C. 841(b)(1)(B)(vi).

> Apprendi v. New Jersey, 530 U.S. 466 (2000).

## III. PENALTIES

A.  As to Count 1: Possession with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance and 10 grams or more of acetyl fentanyl, a Schedule I controlled substance. (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi)):

1. A term of imprisonment of not less than five (5) years to a maximum of forty (40) years.
2. A fine not to exceed $5,000,000.
3. A term of supervised release of at least four (4) years.

If the defendant has a prior conviction for a serious drug felony or a serious violent felony that is final:

1. A term of imprisonment of not less than ten (10) years to a maximum of life.
2. A fine not to exceed $8,000,000.
3. A term of supervised release of at least eight (8) years.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Not applicable in this case.

## VI. **FORFEITURE**

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

*/s/ Timothy M. Lanni*

TIMOTHY M. LANNI
Assistant U.S. Attorney
NJ ID No. 011242012